IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JASMINE DOVE ANNA GRAHAM**,

Plaintiff,

v.

**CARMEN LYNN BUTCHER**,

Defendant.

Case No. 3:24-cv-1317-SB

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on September 24, 2024. Judge Beckerman recommended that this Court sua sponte dismiss Plaintiff's complaint for failure to join a required party that destroys diversity jurisdiction. After obtaining an extension of time to object, Plaintiff, representing herself, did not file any objection.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). Although review is not required in the absence of objections, the

PAGE 1 – ORDER

Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

Plaintiff, a citizen of Oregon, sues Defendant Carmen Lynn Butcher, a citizen of Washington, for allegedly picking up and retaining Plaintiff's son's ashes from Terry Family Funeral Home ("Terry Funeral") without Plaintiff's permission. Plaintiff requests $450,000 in compensatory damages for her emotional distress and mental anguish for Defendant's alleged tortious conduct, and $150,000 in punitive damages. The Court thus appears to have diversity jurisdiction. Terry Funeral, however, is a citizen of Oregon. If it is a required party to this action, then it would destroy diversity jurisdiction.

The Court has reviewed the Findings and Recommendation *de novo*. The Court disagrees with the Findings and Recommendation that Terry Funeral is a required party in this case. "Rule 19 requires a three-step inquiry. [A court] first determine[s] whether an absent party is a required party; then whether joinder is feasible; and finally whether the case can fairly proceed in the party's absence." *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 996 (9th Cir. 2020) (citation omitted). A court "examine[s] each factor in turn," and only if a factor is met does a court move on to examine the next factor. *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013).

For the first inquiry, Rule 19 requires joinder of a person if (1) "in that person's absence, the court cannot accord complete relief among *existing parties*" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "as a practical matter impair or impede the person's ability to protect the interest" or "leave an *existing party* subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. Rule 19(a)(1) (emphasis added); *see also Alto*, 738 F.3d at 1126 (describing the Rule 19(a)

PAGE 2 – ORDER

factors). Terry Funeral does not have such an interest in this case. The Findings and Recommendation focused on the fact that Plaintiff filed a separate action against Terry Funeral based on the same underlying facts, which did not allege any federal cause of action and thus did not allege federal subject matter jurisdiction. That may be so, but that does not answer the three relevant question for the first inquiry about whether Terry Funeral is a required party.

The first part of the initial inquiry is whether, without Terry Funeral in this case, the *existing parties* can obtain complete relief. *See Alto*, 738 F.3d at 1126 ("To be 'complete,' relief must be 'meaningful relief *as between the parties*.'" (emphasis added in *Alto*) (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)). Plaintiff and Butcher are the existing parties in this case. Plaintiff can obtain complete relief from Butcher for the alleged injury of Butcher picking up and retaining Plaintiff's son's ashes. And there is no prejudice to Butcher if Terry Funeral is not a named defendant—there is no indication that, for example, there was any indemnification agreement between Terry Funeral and Butcher when Terry Funeral released the ashes, like the indemnification at play in *Cunningham v. National Broadcasting Co.*, 1996 WL 498130 (D. Or. Mar. 6, 1996), *aff'd*, 133 F.3d 926 (9th Cir. 1997). This also relates to the second part of the second half of this initial inquiry—whether an existing party (Butcher) would be subject to multiple or inconsistent obligations. There is no indication that Butcher would face a substantial risk of liability in state court for any portion of Terry Funeral's potential liability, assuming Plaintiff refiles her claim against Terry Funeral in state court. To the extent that Butcher believes that Terry Funeral is liable for any portion of *Butcher's* potential liability to Plaintiff, Butcher can either bring a third-party claim against Terry Funeral or bring a separate lawsuit against Terry Funeral. But in that event, even if Butcher faces multiple *litigations*, she is not facing "a substantial risk of incurring double, multiple, or

otherwise inconsistent *obligations* because of the interest." Rule 19(a)(1)(B)(ii) (emphasis added); *see also Morales v. City of Delano*, 2012 WL 1669398, at *12 (E.D. Cal. May 11, 2012) (rejecting Rule 19 argument after concluding that the defendants might face multiple litigations in the absence of all possible plaintiffs, but they were not at a substantial risk of facing multiple obligations).

The last part of the initial inquiry is whether, as a practical matter, the disposition of this case would impede Terry Funeral's ability to protect its interest. Terry Funeral may face potential direct liability to Plaintiff for releasing the ashes. Terry Funeral, however, would be able to defend its interest in any lawsuit brought against it by Plaintiff. The disposition of this case would not affect Terry Funeral's ability to protect its interest in any direct claim brought by Plaintiff. Terry Funeral could possibly face a claim by Butcher that Terry Funeral is somehow culpable in whole or in part for any liability Butcher faces for Plaintiff's claim against Butcher. Butcher, however, would need to bring that claim against Terry Funeral as either a third party claim in this action or in a separate lawsuit against Terry Funeral. Thus, the disposition of this case, without Terry Funeral as a defendant, would not impede Terry Funeral's ability to protect its interest in defending any such claim by Butcher.

The argument that Terry Funeral belongs in this case because any claim against Terry Funeral by Plaintiff would involve the same or similar underlying facts is unavailing. That falls under Rule 20 of the Federal Rules of Civil Procedure, which allows *permissive* joinder for a defendant who has claims asserted against it "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" or if "any question of law or fact common to all defendants will arise in the action." It is not enough to designate Terry Funeral a *required* party under Rule 19. Plaintiff was not required to sue Terry Funeral. She

could have chosen simply to bring a claim against Butcher. Had Plaintiff never filed suit against Terry Funeral, it would be difficult for Butcher to argue that Terry Funeral was a required party. That Plaintiff did unsuccessfully file suit against Terry Funeral in federal court[1] does not convert it to a required party for purposes of compulsory joinder. Further, that Butcher may bring a claim for indemnity or contribution against Terry Funeral under Rule 14(a) cannot serve as the basis for Rule 19 compulsory joinder, or Rule 19 joinder would subsume Rule 14(a) third party claims. Because the Court concludes that Terry Funeral is not a required party, the Court does not continue to steps two and three of the Rule 19 analysis. *See Alto*, 738 F.3d at 1126.

The Court declines to adopt the Findings and Recommendation, ECF 7. The Court allows Plaintiff's pro se complaint to proceed, and directs the court clerk to issue the form granting *in forma pauperis* with instructions for service of process and associated forms.

**IT IS SO ORDERED.**

DATED this 24th day of February, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Plaintiff's claim against Terry Funeral was dismissed for lack of subject matter jurisdiction. *See Graham v. Terry Family Funeral Home*, Case No. 3:24-cv-1319-SB, Order and Judgment (January 10, 2025), ECF Nos. 20 & 21.

PAGE 5 – ORDER